UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SEAN TAYLOR MAYS,<br><br>    Plaintiff,<br><br>    v.<br><br>STANTON CORRECTIONAL FACILITY,<br><br>    Defendant. | No. 2:23-cv-2339 KJN P<br><br><br>ORDER |

Plaintiff is a Solano County jail inmate proceeding pro se. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983, and requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

Plaintiff submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, the request to proceed in forma pauperis is granted.

Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By this order, plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, plaintiff is obligated to make monthly payments of twenty percent of the preceding month's income credited to plaintiff's trust account. These

payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C. § 1915(b)(2).

As discussed below, plaintiff's complaint is dismissed with leave to amend.

Screening Standards

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1), (2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact.  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous when it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke, 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989), superseded by statute as stated in Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000) ("[A] judge may dismiss [in forma pauperis] claims which are based on indisputably meritless legal theories or whose factual contentions are clearly baseless."); Franklin, 745 F.2d at 1227.

Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).  In order to survive dismissal for failure to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level."  Bell Atlantic, 550 U.S. at 555.  However, "[s]pecific facts are not necessary; the statement [of facts] need only 'give the

defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Erickson v. Pardus, 551 U.S. 89, 93 (2007) (quoting Bell Atlantic, 550 U.S. at 555, citations and internal quotations marks omitted).  In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Erickson, 551 U.S. at 93, and construe the pleading in the light most favorable to the plaintiff.  Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), overruled on other grounds, Davis v. Scherer, 468 U.S. 183 (1984).

The Civil Rights Act

To state a claim under § 1983, a plaintiff must allege facts that demonstrate:  (1) the violation of a federal constitutional or statutory right; and (2) that the violation was committed by a person acting under the color of state law.  See West v. Atkins, 487 U.S. 42, 48 (1988); Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).  An individual defendant is not liable on a civil rights claim unless the facts establish the defendant's personal involvement in the constitutional deprivation or a causal connection between the defendant's wrongful conduct and the alleged constitutional deprivation.  See Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989); Johnson v. Duffy, 588 F.2d 740, 743-44 (9th Cir. 1978).  That is, plaintiff may not sue any official on the theory that the official is liable for the unconstitutional conduct of his or her subordinates.  Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009).  The requisite causal connection between a supervisor's wrongful conduct and the violation of the prisoner's constitutional rights can be established in several ways, including by demonstrating that a supervisor's own culpable action or inaction in the training, supervision, or control of his subordinates was a cause of plaintiff's injury.  Starr v. Baca, 652 F.3d 1202, 1208 (9th Cir. 2011).

Plaintiff's Complaint

Plaintiff claims that he has been trying to obtain a new eyeglass prescription since 2022, but when the nurse came to do the eye exam and did the Snellen test, she failed to test plaintiff from 20 feet away as required to perform a Snellen test.  Instead, she stood 10 feet away or less.  The nurse re-tested plaintiff, but again stood 10 feet away or less.  His eyeglass prescription from Stanton Optical expired over two years ago.  Plaintiff claims they still refuse to help him because he passed their test.  Plaintiff suffers headaches from straining to see things, walks around with

3

blurry vision, and bumps into things because he cannot judge distance.  (ECF No. 1 at 3.)  For relief, plaintiff seeks a medical appointment with an eye doctor so plaintiff can obtain a new eyeglass prescription, as well as money damages for pain and suffering.

Plaintiff names the Stanton Correctional Facility as the sole defendant.

Discussion

Plaintiff essentially claims that nursing staff at the Stanton Correctional Facility incorrectly administered an eye test, also known as a Snellen test.[1]  Plaintiff identifies his claim as "Americans with Disability Act ("ADA")" and "medical."  (ECF No. 1 at 2, 3.)

ADA Claim

Plaintiff alleges a violation of the Americans with Disabilities Act ("ADA").  Title II of the ADA "prohibit[s] discrimination on the basis of disability."  Lovell v. Chandler, 303 F.3d 1039, 1052 (9th Cir. 2002).  Title II of the ADA provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subject to discrimination by such entity."  42 U.S.C. § 12132.  The ADA applies to inmates within state prisons.  Pennsylvania Dept. of Corrections v. Yeskey, 524 U.S. 206, 210 (1998); Armstrong v. Wilson, 124 F.3d 1019, 1022-23 (9th Cir. 1997).

"To establish a violation of Title II of the ADA, a plaintiff must show that (1) [he] is a qualified individual with a disability; (2) [he] was excluded from participation in or otherwise discriminated against with regard to a public entity's services, programs, or activities; and (3) such exclusion or discrimination was by reason of [his] disability."  Lovell, 303 F.3d at 1052.

---

[1]  A Snellen test, also known as a visual acuity test, is defined as:

> [t]he visual acuity test is used to determine the smallest letters you can read on a standardized chart (Snellen chart) or a card held 20 feet (6 meters) away.  Special charts are used when testing at distances shorter than 20 feet (6 meters).  Some Snellen charts are actually video monitors showing letters or images.

UCSF Health, "Medical Tests - Visual Acuity Test," < https://www.ucsfhealth.org/medical-tests/visual-acuity-test> (accessed Nov. 16, 2023).

"To recover monetary damages" . . . "a plaintiff must prove intentional discrimination on the part of the defendant." Duvall v. Cty. of Kitsap, 260 F.3d 1124, 1138 (9th Cir. 2001).

Here, plaintiff alleges that the nurse incorrectly administered the Snellen test.  Plaintiff does not claim that such treatment was because of his disability.  "The ADA prohibits discrimination because of disability, not inadequate treatment for disability." Simmons v. Navajo Cty., Ariz., 609 F.3d 1011, 1022 (9th Cir. 2010) (the ADA is not violated by prison's failure to attend to medical needs of disabled prisoners), overruled on other grounds by Castro v. County of Los Angeles, 833 F.3d 1060 (9th Cir. 2016)(en banc).  In other words, "[i]nadequate treatment or lack of treatment for [p]laintiff's medical condition does not in itself suffice to create liability under [the] statutory scheme." Tandel v. Cty. of Sacramento, 2015 WL 1291377, at *18 (E.D. Cal. Mar. 20, 2015).  "Inadequate medical care does not provide a basis for an ADA claim unless medical services are withheld *by reason of* a disability." Marlor v. Madison Cty., Idaho, 50 F. App'x 872, 873 (9th Cir. 2002).  Because plaintiff fails to allege facts demonstrating that the failure to provide proper treatment was due to his disability, plaintiff's complaint fails to state a cognizable ADA claim.  It does not appear plaintiff can amend to rectify such pleading deficiency.  But in an abundance of caution, plaintiff is granted leave to amend.

Medical

It is unclear whether plaintiff can state a cognizable medical claim.

Improper Defendant

First, plaintiff does not name a proper defendant.  Plaintiff does not name the nurse who allegedly performed the Snellen test incorrectly.  If plaintiff intends to pursue a medical claim in this action, he must name as a defendant the individual who personally violated plaintiff's rights.  The court cannot order service of process on unidentified parties.

Unclear Status

Second, plaintiff does not identify his status as a jail inmate, for example, whether he is a pretrial detainee awaiting trial, or whether has been convicted.

////

////

Pretrial Detainee?

A pretrial detainee's claim arises under the Fourteenth Amendment's Due Process Clause and is governed by an objective deliberate-indifference standard rather than the subjective one that applies to a state prisoner's claim.

> [T]he elements of a pretrial detainee's medical care claim against an individual defendant under the due process clause of the Fourteenth Amendment are: (i) the defendant made an intentional decision with respect to the conditions under which the plaintiff was confined; (ii) those conditions put the plaintiff at substantial risk of suffering serious harm; (iii) the defendant did not take reasonable available measures to abate that risk, even though a reasonable official in the circumstances would have appreciated the high degree of risk involved -- making the consequences of the defendant's conduct obvious; and (iv) by not taking such measures, the defendant caused the plaintiff's injuries.

Gordon v. County of Orange, 888 F.3d 1118, 1125 (9th Cir. 2018).  For the third element, the defendant's conduct must be objectively unreasonable, "a test that will necessarily 'turn[ ] on the facts and circumstances of each particular case.'"  Id. (alteration in original) (quoting Castro v. County of Los Angeles, 833 F.3d 1060, 1071 (9th Cir. 2016)).  "[T]he plaintiff must 'prove more than negligence but less than subjective intent -- something akin to reckless disregard."  Id. (quoting Castro, 833 F.3d at 1071).

Convicted Prisoner?

If plaintiff is a convicted prisoner serving his sentence in the county jail, a medical claim is governed by the following standards.

A prisoner's claim of inadequate medical care does not constitute cruel and unusual punishment in violation of the Eighth Amendment unless the mistreatment rises to the level of "deliberate indifference to serious medical needs."  Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting Estelle v. Gamble, 429 U.S. 97, 104 (1976)).  Deliberate indifference may be shown by the denial, delay or intentional interference with medical treatment or by the way in which medical care is provided.  Hutchinson v. United States, 838 F.2d 390, 394 (9th Cir. 1988).  The two-part test for deliberate indifference requires plaintiff to show (1) "a 'serious medical need' by demonstrating that failure to treat a prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain,'" and (2) "the defendant's

response to the need was deliberately indifferent." Jett, 439 F.3d at 1096.  A defendant does not act in a deliberately indifferent manner unless the defendant "knows of and disregards an excessive risk to inmate health or safety."  Farmer v. Brennan, 511 U.S. 825, 837 (1994).

The indifference to the prisoner's medical needs must be substantial; inadequate treatment due to negligence, inadvertence, or differences in judgment or opinion between the prisoner and medical personnel does not rise to the level of a constitutional violation.  Estelle, 429 U.S. at 105-06; Toguchi v. Chung, 391 F.3d 1051, 1057, 1060 (9th Cir. 2004) (negligence constituting medical malpractice is not sufficient to establish an Eighth Amendment violation).

### Failure to State a Claim

Third, at present, plaintiff fails to state a cognizable claim under either the Eighth or Fourteenth Amendments.  Plaintiff alleges no facts demonstrating deliberate indifference on the part of either nurse who tested plaintiff, but rather his allegations suggest plaintiff has a difference of opinion as to how the test should be administered.  Indeed, nursing staff administered the test twice at plaintiff's request.  Thus, it is unclear their actions were objectively unreasonable.  It is unknown whether jail staff use a special Snellen chart so that eye tests can be given less than 20 feet from the patient considering that county jails are subject to limited and confined spaces. Plaintiff does not state whether he is currently wearing his old glasses or has no eyeglasses at all. Finally, it is not clear whether plaintiff sought medical care to determine whether his symptoms could be the result of something other than an expired eyeglass prescription.  If not, plaintiff is encouraged to do so, if only to rule out any other medical explanation.

Conclusion

Accordingly, plaintiff's complaint must be dismissed.  The court, however, grants leave to file an amended complaint.

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions about which he complains resulted in a deprivation of plaintiff's constitutional rights.  See, e.g., West v. Atkins, 487 U.S. 42, 48 (1988).  Also, the complaint must allege in specific terms how each named defendant is involved.  Rizzo v. Goode, 423 U.S. 362, 371 (1976).  There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a

defendant's actions and the claimed deprivation. Rizzo, 423 U.S. at 371; May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980). Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient. Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete. Local Rule 220 requires that an amended complaint be complete without reference to any prior pleading. This requirement exists because, as a general rule, an amended complaint supersedes the original complaint. See Ramirez v. County of San Bernardino, 806 F.3d 1002, 1008 (9th Cir. 2015) ("an 'amended complaint supersedes the original, the latter being treated thereafter as non-existent.'" (internal citation omitted)). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). All fees shall be collected and paid in accordance with this court's order to the Sheriff of Solano County filed concurrently herewith.

3. Plaintiff's complaint is dismissed.

4. Within thirty days from the date of this order, plaintiff shall complete the attached Notice of Amendment and submit the following documents to the court:

   a. The completed Notice of Amendment; and

   b. An original of the Amended Complaint.

Plaintiff's amended complaint shall comply with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice. The amended complaint must also bear the docket number assigned to this case and must be labeled "Amended Complaint."

////

Failure to file an amended complaint in accordance with this order may result in the dismissal of this action.

Dated: November 20, 2023

_Kendall J. Newman_
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

/mays2339.14new.kjn

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SEAN TAYLOR MAYS,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>STANTON CORRECTIONAL FACILITY,<br><br>　　　　　Defendant. | No. 2:23-cv-2309 KJN P<br><br>NOTICE OF AMENDMENT |

　　　Plaintiff hereby submits the following document in compliance with the court's order filed_____.

　　　_____　　　　　Amended Complaint
DATED:

　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　Plaintiff