UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SEAN TAYLOR MAYS,<br><br>            Plaintiff,<br><br>       v.<br><br>STANTON CORRECTIONAL FACILITY,<br><br>            Defendant. | No.  2:23-cv-2339 KJN P<br><br><br>ORDER |

Plaintiff is a Solano County jail inmate, proceeding pro se and in forma pauperis. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983. This proceeding was referred to this court pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 302. Plaintiff's amended complaint is now before the court.

Plaintiff's allegations are essentially the same as he pled in his original complaint. As discussed below, plaintiff's amended complaint is dismissed, and plaintiff is granted one final opportunity to file a pleading that states a cognizable civil rights claims.

Screening Standards

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek

1

monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1), (2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke, 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

A complaint, or portion thereof, should only be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief.  Hishon v. King & Spalding, 467 U.S. 69, 73 (1984) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981).  In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hosp. Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor, Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

The Civil Rights Act

To state a claim under § 1983, a plaintiff must allege facts that demonstrate:  (1) the violation of a federal constitutional or statutory right; and (2) that the violation was committed by a person acting under the color of state law.  See West v. Atkins, 487 U.S. 42, 48 (1988); Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).  An individual defendant is not liable on a civil rights claim unless the facts establish the defendant's personal involvement in the constitutional deprivation or a causal connection between the defendant's wrongful conduct and the alleged constitutional deprivation.  See Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989); Johnson v. Duffy, 588 F.2d 740, 743-44 (9th Cir. 1978).  That is, plaintiff may not sue any official on the theory that the official is liable for the unconstitutional conduct of his or her subordinates. Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009).  The requisite causal connection between a

supervisor's wrongful conduct and the violation of the prisoner's constitutional rights can be established in several ways, including by demonstrating that a supervisor's own culpable action or inaction in the training, supervision, or control of his subordinates was a cause of plaintiff's injury. Starr v. Baca, 652 F.3d 1202, 1208 (9th Cir. 2011).

Plaintiff's Amended Complaint

Despite the court's screening order, plaintiff again names only the Stanton Correctional Facility as a defendant and raises only a putative claim under the Americans with Disabilities Act ("ADA"), based solely on his claim that he has been unable to obtain new prescription eyeglasses. Plaintiff proved he had a prescription for eyeglasses, but it has expired. Medical will not send plaintiff to an eye doctor to get a new prescription because plaintiff passed their Snellen test.[1] Plaintiff objects that his eyesight was tested twice, but the ladies were standing too close to get an accurate reading. Plaintiff now claims that medical will not provide plaintiff with the names of the ladies who performed the test.

Discussion

ADA Claim

As the court previously explained (ECF No. 6 at 4-5), plaintiff cannot state a cognizable ADA claim because he does not claim that the failure to provide him with a new eyeglass prescription was because of a disability. Even presuming the need for eyeglasses constitutes a disability, which plaintiff also fails to demonstrate, "[t]he ADA prohibits discrimination because of disability, not inadequate treatment for disability." Simmons v. Navajo Cty., Ariz., 609 F.3d 1011, 1022 (9th Cir. 2010) (the ADA is not violated by prison's failure to attend to medical needs

---

[1] A Snellen test, also known as a visual acuity test, is defined as:

> [t]he visual acuity test is used to determine the smallest letters you can read on a standardized chart (Snellen chart) or a card held 20 feet (6 meters) away. Special charts are used when testing at distances shorter than 20 feet (6 meters). Some Snellen charts are actually video monitors showing letters or images.

UCSF Health, "Medical Tests - Visual Acuity Test," < https://www.ucsfhealth.org/medical-tests/visual-acuity-test> (accessed Feb. 5, 2024).

3

of disabled prisoners), overruled on other grounds by Castro v. County of Los Angeles, 833 F.3d 1060 (9th Cir. 2016) (en banc).  In other words, "[i]nadequate treatment or lack of treatment for [p]laintiff's medical condition does not in itself suffice to create liability under [the] statutory scheme." Tandel v. Cty. of Sacramento, 2015 WL 1291377, at *18 (E.D. Cal. Mar. 20, 2015). "Inadequate medical care does not provide a basis for an ADA claim unless medical services are withheld *by reason of* a disability." Marlor v. Madison Cty., Idaho, 50 F. App'x 872, 873 (9th Cir. 2002).  Because plaintiff fails to allege facts demonstrating that the failure to provide proper treatment was due to a disability within the meaning of the ADA, plaintiff's complaint fails to state a cognizable ADA claim.  Therefore, plaintiff's ADA claim is dismissed without leave to amend.

Medical

Plaintiff does not clarify his status in the amended complaint, but the Solano County Sheriff's website confirms that plaintiff has not yet been sentenced.[2]  Thus, plaintiff is a pretrial detainee.

A pretrial detainee's medical claim arises under the Fourteenth Amendment's Due Process Clause and is governed by an objective deliberate-indifference standard rather than the subjective one that applies to a state prisoner's claim.

> [T]he elements of a pretrial detainee's medical care claim against an individual defendant under the due process clause of the Fourteenth Amendment are:  (i) the defendant made an intentional decision with respect to the conditions under which the plaintiff was confined; (ii) those conditions put the plaintiff at substantial risk of suffering serious harm; (iii) the defendant did not take reasonable available measures to abate that risk, even though a reasonable official in the circumstances would have appreciated the high degree of risk involved -- making the consequences of the defendant's conduct obvious; and (iv) by not taking such measures, the defendant caused the plaintiff's injuries.

Gordon v. County of Orange, 888 F.3d 1118, 1125 (9th Cir. 2018).  For the third element, the defendant's conduct must be objectively unreasonable, "a test that will necessarily 'turn[ ] on the facts and circumstances of each particular case.'" Id. (alteration in original) (quoting Castro v.

---

[2] Solano County California Sheriff In-Custody website, https://shfinmatesearch.solanocounty.com/bookingcharges> accessed Feb. 5, 2024.

4

County of Los Angeles, 833 F.3d 1060, 1071 (9th Cir. 2016)). "[T]he plaintiff must 'prove more than negligence but less than subjective intent -- something akin to reckless disregard." Id. (quoting Castro, 833 F.3d at 1071).

To the extent plaintiff is trying to obtain a new prescription for eyeglasses, he must bring his claim, if at all, under the Fourteenth Amendment. (ECF No. 6 at 6-7.) Plaintiff again does not state whether he is currently wearing his old glasses or has no eyeglasses at all. Plaintiff's amended complaint also does not address whether plaintiff sought medical care to confirm the physical injuries he alleges or to determine whether his symptoms could be the result of something other than an expired eyeglass prescription. Plaintiff appended a note dated August 15, 2023, responding to plaintiff's August 6, 2021 request slip concerning a request for prescription glasses, which stated that he was seen by medical staff twice in the past week and plaintiff did not mention anything regarding blurry vision or headache. (ECF No. 8 at 13.) Plaintiff was advised that if his symptoms persist, he should "fill out a 'green' medical slip and submit to medical" so plaintiff can be put on the sick call list. (Id.) The failure to treat a medical condition is not objectively unreasonable if medical staff are not informed of plaintiff's symptoms and provided an opportunity to address them.

In addition, it is unclear that plaintiff's alleged injuries demonstrate a substantial risk of suffering serious harm. Although addressed in the Eighth Amendment context,

> "[w]hile severe eye injuries or legal blindness may constitute a serious medical need," the same is not true, for example, with regard to "reading glasses." Canell v. Multnomah County, 141 F. Supp. 2d 1046, 1057 (D. Or. 2001), citing Franklin v. State of Oregon, 662 F.2d 1337 (9th Cir. 1981); McMillen v. Fairman, 1997 WL 603853 *3 (N.D. Ill. 1997) (some discomfort suffered as a result of broken eyeglasses not being replaced insufficient to demonstrate a serious medical need); see also Morales v. California Forensic Med. Grp., Inc., No. CIV S 09-3610 GGH P, 2010 WL 1404762, at *2 (E.D. Cal. Apr. 6, 2010) (dismissing prisoner's claims of "blurry vision and irritation of un-focused sight" due to lack of corrective eyewear for failing to state an Eighth Amendment claim under § 1915A(b)).

See Bernardino v. Sandoval, 2017 WL 4391705, at *4 (S.D. Cal. Oct. 3, 2017), aff'd, 727 F. App'x 451 (9th Cir. 2018).

////

Further, it appears some jails require inmates to seek prescription glasses from outside sources. In Silva v. Sanders, 2022 WL 2392197, at *4 (W.D. Wash. July 1, 2022), jail "staff repeatedly advised [Silva] that he could ask his family, friends, or legal counsel for prescription glasses." Id. Plaintiff could do so as well. Plaintiff could ask appointed counsel or raise an objection with the judge at the next hearing on plaintiff's underlying criminal charges.

In Silva, the inmate came to jail without his glasses and complained of severe pain in his eyes. Id., 2022 WL 2392197, at *1. The district court granted the defendant qualified immunity, finding that the law was not sufficiently definite that defendant would have known whether he was violating it. Id. at *4, quoting Plumhoff v. Rickard, 572 U.S. 765, 778-79 (2014). In Silva, the court distinguished Colwell v. Bannister, 763 F.3d 1060 (9th Cir. 2014), because the prisoner in Colwell had cataracts that made him blind in one eye, and the resulting monocular blindness caused him to twice run his hand through a sewing machine while working, split his head open when he ran into a concrete block, regularly hit his head on his cell's upper bunk, and triggered fights with other inmates by bumping into them. Silva, 2022 WL 2392197, at *4.[3] In the instant case, plaintiff does not claim any such serious injuries.

Finally, plaintiff is required to name the person responsible for violating plaintiff's rights under Gordon. If it is the "ladies" to whom plaintiff refers, plaintiff must seek the names of such ladies through the grievance process, or he may seek to review his medical records to obtain their names from his medical file. Plaintiff may decide to name such individuals as "Jane Does" and

---

[3] The court in Silva also cited non-binding cases: See Dorlette v. Wu, 2019 WL 1284812, at *7–9 (D. Conn. Mar. 20, 2019) (granting summary judgment for the defendants when the plaintiff experienced an eight-month delay in receiving prescription glasses despite complaining of pain, eye strain, and headaches during that time because he provided no evidence that the delay had a serious effect on his health); Davidson v. Desai, 817 F. Supp. 2d 166, 187-88 (W.D.N.Y. 2011) (granting the defendants' motion for summary judgment where "although Plaintiff maintains that his inability to obtain proper eyeglasses required Plaintiff rely on his outdated prescription lenses, resulting in eyestrain and headaches, . . . Plaintiff fails to allege that such symptoms impaired Plaintiff's daily activities," and where the plaintiff was not prevented from obtaining glasses from "an outside source"); Weatherspoon v. Dallas Cnty. Med. Dep't, 2006 WL 1234825, at *11 (N.D. Tex. May 9, 2006) ("The Court finds that an objectively reasonable official considering the law as it existed at the time would not have believed that he was violating Plaintiff's constitutional rights by failing to provide Plaintiff with prescription eyeglasses at UTMB's expense."). Silva, 2022 WL 2392197, at *4.

6

seek their identities through discovery. But plaintiff must identify the individual or individuals who he claims violated his constitutional rights because the court is unable to serve unidentified parties. Plaintiff cannot simply name the jail as a defendant because plaintiff cannot ascertain the names of the medical staff who allegedly violated his rights.

Leave to Amend

As currently written, plaintiff's amended complaint fails to state a cognizable civil rights claim. Thus, the amended complaint must be dismissed. The court, however, grants leave to file a second amended complaint. However, plaintiff is granted leave solely to raise a claim under the Fourteenth Amendment. He is not granted leave to file another ADA claim based on the failure to provide new prescription eyeglasses.

If plaintiff chooses to file a second amended complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's federal constitutional or statutory rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). Also, the second amended complaint must allege in specific terms how each named defendant is involved. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Furthermore, vague, and conclusory allegations of official participation in civil rights violations are not sufficient. Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

An amended complaint must be complete in itself without reference to any prior pleading. Local Rule 220; See Ramirez v. County of San Bernardino, 806 F.3d 1002, 1008 (9th Cir. 2015) ("an 'amended complaint supersedes the original, the latter being treated thereafter as non-existent.'" (internal citation omitted)). Once plaintiff files an amended complaint, the original or prior pleading is superseded. That said, plaintiff may request that the court append his prior exhibits (ECF No. 8 at 7-14) to the second amended complaint so he is not required to duplicate his exhibits.

////

////

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's amended complaint (ECF No. 8) is dismissed; and

2. Plaintiff is granted thirty days from the date of service of this order to file a second amended complaint that complies with the requirements of the instant order, the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice; the second amended complaint must bear the docket number assigned this case and must be labeled "Second Amended Complaint"; plaintiff must file an original and two copies of the second amended complaint.

Failure to file a second amended complaint in accordance with this order will result in a recommendation that this action be dismissed.

Dated: February 7, 2024

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

/mays2339.14amd