UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SEAN TAYLOR MAYS,<br><br>          Plaintiff,<br><br>     v.<br><br>STANTON CORRECTIONAL FACILITY,<br><br>          Defendants. | No.  2:23-cv-2339 KJM CSK P<br><br><br>FINDINGS AND RECOMMENDATIONS |

Plaintiff is a Solano County jail inmate, proceeding pro se and in forma pauperis. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983. This proceeding was referred to this court pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 302. Plaintiff's second amended complaint is before the court. As discussed below, it is recommended that this action be dismissed for failure to state a claim.

Screening Standards

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

1

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke, 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

A complaint, or portion thereof, should only be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief.  Hishon v. King & Spalding, 467 U.S. 69, 73 (1984) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981).  In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hosp. Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor, Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

The Civil Rights Act

To state a claim under § 1983, a plaintiff must allege facts that demonstrate:  (1) the violation of a federal constitutional or statutory right; and (2) that the violation was committed by a person acting under the color of state law.  See West v. Atkins, 487 U.S. 42, 48 (1988); Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).  An individual defendant is not liable on a civil rights claim unless the facts establish the defendant's personal involvement in the constitutional deprivation or a causal connection between the defendant's wrongful conduct and the alleged constitutional deprivation.  See Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989); Johnson v. Duffy, 588 F.2d 740, 743-44 (9th Cir. 1978).  That is, plaintiff may not sue any official on the theory that the official is liable for the unconstitutional conduct of his or her subordinates. Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009).  The requisite causal connection between a supervisor's wrongful conduct and the violation of the prisoner's constitutional rights can be

established in several ways, including by demonstrating that a supervisor's own culpable action or inaction in the training, supervision, or control of his subordinates was a cause of plaintiff's injury.  Starr v. Baca, 652 F.3d 1202, 1208 (9th Cir. 2011).

Plaintiff's Second Amended Complaint

In the second amended complaint, plaintiff alleges that he does not have glasses because his glasses have metal frames which are not permitted.  (ECF No. 12 at 3.)  Plaintiff has been trying to obtain a new prescription for eyeglasses because the prescription he had on the streets expired.  He was twice given the Snellen eye test[1] but both times he alleges the ladies stood within ten feet or less.  Plaintiff asked medical for the names of the ladies who gave the test, but medical refused.  Plaintiff has blurry vision, gets bad headaches, and bumps into people and things and hits his head because he does not have glasses.

Medical has finally approved plaintiff's request to be sent out to see the eye doctor to get prescription glasses, but it has taken about a year and a half, and plaintiff has been suffering the whole time.  (ECF No. 12 at 4.)  Plaintiff names the Stanton Correctional Facility as the sole defendant, again claiming violation of the Americans with Disabilities Act ("ADA") and marking "medical care."  (ECF No. 12 at 3.)  Plaintiff seeks reimbursement for his pain and suffering.  (ECF No. 12 at 4.)

Discussion

ADA Claim

Despite the court's prior screening orders, the last one dismissing the ADA claim without leave to amend (ECF No. 11 at 7:8-10), plaintiff again names the Stanton Correctional Facility as

---

[1] A Snellen test, also known as a visual acuity test, is defined as:

> [t]he visual acuity test is used to determine the smallest letters you can read on a standardized chart (Snellen chart) or a card held 20 feet (6 meters) away.  Special charts are used when testing at distances shorter than 20 feet (6 meters).  Some Snellen charts are actually video monitors showing letters or images.

UCSF Health, "Medical Tests - Visual Acuity Test," < https://www.ucsfhealth.org/medical-tests/visual-acuity-test> (accessed Apr. 25, 2024).

the sole defendant and again attempts to raise a putative ADA claim. However, as the court previously explained (ECF Nos. 6 at 4-5; 11 at 3-4), plaintiff cannot state a cognizable ADA claim because he does not allege that the failure to provide him with a new eyeglass prescription was <u>because</u> of a disability. Even presuming the need for eyeglasses constitutes a disability, which plaintiff also fails to demonstrate, "[t]he ADA prohibits discrimination because of disability, not inadequate treatment for disability." <u>Simmons v. Navajo Cty., Ariz.</u>, 609 F.3d 1011, 1022 (9th Cir. 2010) (the ADA is not violated by prison's failure to attend to medical needs of disabled prisoners), <u>overruled on other grounds by</u> <u>Castro v. County of Los Angeles</u>, 833 F.3d 1060 (9th Cir. 2016) (*en banc*). In other words, "[i]nadequate treatment or lack of treatment for [p]laintiff's medical condition does not in itself suffice to create liability under [the] statutory scheme." <u>Tandel v. Cty. of Sacramento</u>, 2015 WL 1291377, at *18 (E.D. Cal. Mar. 20, 2015). "Inadequate medical care does not provide a basis for an ADA claim unless medical services are withheld *by reason of* a disability." <u>Marlor v. Madison Cty., Idaho</u>, 50 F. App'x 872, 873 (9th Cir. 2002). Because plaintiff again fails to allege facts demonstrating that the failure to provide proper treatment was due to a disability within the meaning of the ADA, plaintiff's second amended complaint also fails to state a cognizable ADA claim. Plaintiff's ADA claim should be dismissed without leave to amend.

<u>Medical Claim</u>

Plaintiff marked the box "medical," but does not name any medical staff as a defendant. Plaintiff does not identify his status, but the court previously confirmed that plaintiff is a pretrial detainee. (ECF No. 11 at 4.)

A pretrial detainee's medical claim arises under the Fourteenth Amendment's Due Process Clause and is governed by an objective deliberate-indifference standard rather than the subjective one that applies to a state prisoner's claim.

> [T]he elements of a pretrial detainee's medical care claim against an individual defendant under the due process clause of the Fourteenth Amendment are: (i) the defendant made an intentional decision with respect to the conditions under which the plaintiff was confined; (ii) those conditions put the plaintiff at substantial risk of suffering serious harm; (iii) the defendant did not take reasonable available measures to abate that risk, even though a reasonable official in the

4

        circumstances would have appreciated the high degree of risk involved -- making the consequences of the defendant's conduct obvious; and (iv) by not taking such measures, the defendant caused the plaintiff's injuries.

Gordon v. County of Orange, 888 F.3d 1118, 1125 (9th Cir. 2018).  For the third element, the defendant's conduct must be objectively unreasonable, "a test that will necessarily 'turn[ ] on the facts and circumstances of each particular case.'"  Id. (alteration in original) (quoting Castro v. County of Los Angeles, 833 F.3d 1060, 1071 (9th Cir. 2016)).  "[T]he plaintiff must 'prove more than negligence but less than subjective intent -- something akin to reckless disregard."  Id. (quoting Castro, 833 F.3d at 1071).

      As plaintiff was previously informed, to the extent plaintiff is trying to obtain a new prescription for eyeglasses, he must bring his claim, if at all, under the Fourteenth Amendment.  (ECF Nos. 6 at 6-7; 11 at 5.)  For the first time, plaintiff clarifies that he has no eyeglasses but concedes that medical has now granted his request to be seen by an eye doctor.  Taking plaintiff's allegations as true, the over one and a half year delay in providing plaintiff prescription glasses appears to be objectively unreasonable.

      That said, it is unclear whether medical staff at the jail was responsible for such delay.  Plaintiff was given the eye test on May 13, 2023.  On July 29, 2023, Officer Pillay responded to plaintiff's grievance, noting that the Snellen eye test was repeated and showed plaintiff did not qualify for an optometry referral.[2]  (ECF No. 12 at 5.)  Jail staff contacted Stanton Optical to obtain plaintiff's eyeglass prescription, but the prescription had expired over two years prior.  (Id.)  On August 15, 2023, it was noted that plaintiff was seen by medical staff twice in the past week but plaintiff "did not mention anything regarding blurry vision or headaches."  (ECF No. 12 at 12.)  Plaintiff was advised that if his symptoms persisted, he should fill out a "green" medical slip to be placed on the sick call list.  (Id.)

      Plaintiff has twice been provided with the standards governing a Fourteenth Amendment

---

[2] Plaintiff disputes that the Snellen tests were properly conducted.  It is unclear whether such allegation is a mere difference of opinion, or whether it constitutes negligence, but absent facts not alleged here, neither would support a Fourteenth Amendment claim.

medical claim (ECF Nos. 6, 11), yet again fails to provide specific facts to show that when plaintiff presented to medical complaining of his issues resulting from a lack of glasses, an individual made an intentional decision to deny plaintiff glasses which put plaintiff at substantial risk of suffering serious harm.  Plaintiff again fails to identify an individual responsible for the delay and includes no charging allegations as to the Stanton Correctional Facility.  As plaintiff was previously informed, he is required to name the person responsible for violating plaintiff's rights under Gordon.  (ECF No. 11 at 6.)  Plaintiff was also provided information on how to obtain the names of such individuals, or to name them as Doe defendants and seek their identities through discovery, and the court informed plaintiff that the court is unable to serve unidentified parties.  (Id.)

Therefore, it is recommended that plaintiff's second amended complaint be dismissed for failure to state a claim.

Leave to Amend

The undersigned has considered whether plaintiff should be granted a third opportunity to amend the complaint.  "Valid reasons for denying leave to amend include undue delay, bad faith, prejudice, and futility."  California Architectural Bldg. Prod. v. Franciscan Ceramics, 818 F.2d 1466, 1472 (9th Cir.1988).  As discussed above, plaintiff has had multiple opportunities to cure the deficiencies in his original complaint, and the court has instructed plaintiff on the applicable law and pleading requirements in two prior screening orders.  (ECF No. 6, 11.)  It appears that plaintiff is unable to name a responsible party or to provide facts demonstrating a violation of his Fourteenth Amendment rights.  In addition, plaintiff appears unable to comply with the court's orders based on his continued pursuit of a claim under the ADA, despite the prior order dismissing the ADA claim without leave to amend.  Thus, it appears futile to grant plaintiff a third opportunity to file an amended complaint, and it is recommended that the district court dismiss the second amended complaint without further leave to amend.  McKinney v. Baca, 250 F. App'x 781 (9th Cir. 2007) citing Ferdik v. Bonzelet, 963 F.2d 1258, 1261 (9th Cir. 1992) (noting discretion to deny leave to amend is particularly broad where court has afforded plaintiff one or more opportunities to amend his complaint).

Accordingly, IT IS HEREBY RECOMMENDED that plaintiff's second amended complaint be dismissed for failure to state a claim without further leave to amend.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, plaintiff may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: April 26, 2024

CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

/1/mays2339.56

7